IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE HERRING,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-4395 |
| | : | |
| **DELAWARE COUNTY, et al.,** | : | |
| Defendants | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                                    **December 18, 2007**

This is a civil rights action stemming from an incident which occurred during the arrest of the plaintiff in Chester, Delaware County, Pennsylvania.  The defendants have filed a motion to dismiss two counts and two defendants from the complaint.[1]  For the reasons that follow, I will grant the motion in its entirety.

**I.  BACKGROUND**[2]

On October 20, 2005, at approximately 7:30 p.m., police officers from the Delaware County Criminal Investigation Division and the Drug Task Force began to execute a valid search warrant at 1302 Honan Street in Chester, Pennsylvania, a vacant property owned by the plaintiff.  A half hour later, when the plaintiff entered the house,

---

[1]     In his response to the defendants' motion to dismiss, the plaintiff concedes that Count VIII of the complaint which alleges a denial of equal protection of law should be dismissed.  He further concedes that the Delaware County Criminal Investigation Division and the Drug Task Force should be dismissed as defendants in this action because they are not separate municipal corporations and thus are not subject to suit.

[2]     All facts are taken from the plaintiff's complaint, and for purposes of this motion, are accepted as true with all reasonable inferences drawn in favor of the plaintiff.

the officers jumped on the plaintiff and began to violently beat him, striking his face, head, and body with blunt objects. The plaintiff insists that he gave the officers no reason to think that he would resist them. As a result of this assault, the plaintiff was taken to the hospital and treated for various injuries, including abrasions to the face, a fractured jaw, dislocated teeth, and excruciating face and neck pain. He also alleges that he continues to suffer mental anguish, humiliation, anxiety, and fear.

On October 19, 2007, the plaintiff filed a complaint in this court against Delaware County, its Criminal Investigation Division, its Drug Task Force, Detective John Newell, and various unarmed members of the Drug Task Force, alleging excessive force; false arrest; illegal customs, policies, practices; negligence; assault; battery; intentional infliction of emotional distress; and the denial of equal protection of law. He seeks compensatory and punitive damages in excess of $500,000.

## II.   STANDARD FOR MOTIONS TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." The rule is designed to screen out cases where "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-312 (3d Cir. 1999). Under Rule 12(b)(6), a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the non-

moving party can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue, therefore, is not whether the non-moving party will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

In considering whether a pleading should be dismissed for failure to state a claim upon which relief can be granted, a court must consider only those facts alleged in the pleading and accept all of the allegations as true, drawing all reasonable inferences in favor of the non-moving party. ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); see also Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004) (in deciding motions pursuant to Rule 12(b)(6), courts generally consider only allegations in the pleading, exhibits attached to the pleading, matters of public record, and documents that form the basis of a claim).

## III.   DISCUSSION

The defendants argue that Count IV[3] of the complaint should be dismissed, because they are immune by virtue of the Pennsylvania Political Subdivision Tort Claims Act (the "Act"), 42 PA. CONS. STAT. § 8541, *et seq*. The Act provides that "no local agency shall be liable for any damages on account of any injury to a person or property

---

[3] In Count IV of the complaint, the plaintiff alleges that the defendants breached their duty of care owed to the plaintiff by negligently assaulting him with police weapons or other blunt instruments which resulted in the plaintiff's injuries.

caused by any act of the local agency or an employee thereof or any other person."[4]  42 PA. CONS. STAT. § 8541.  An employee of a local agency is liable for civil damages only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.  Id. at § 8545.  Notwithstanding the immunity the Act provides, liability may be imposed on a municipality or its employees where (1) damages would be recoverable at common law or under a statute creating a cause of action if the injury were caused by a person not protected by immunity, and (2) the claim falls within one of the statutory exceptions to governmental immunity in Section 8542(b) of the Act.  Granchi v. Borough of N. Braddock, 810 A.2d 747, 749 (Pa Commw. 2002).  These exceptions pertain to:  (1) vehicle liability, (2) care, custody or control of personal property, (3) real property, (4) trees, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks, and (8) care, custody or control of animals.  See 42 PA. CONS. STAT. § 8542(b).

Because none of these exceptions apply here, defendant Detective John Newell and the other unnamed defendants, as employees of Delaware County, a local agency, are immune from liability for the state tort action as alleged in Count IV of the complaint.  However, the Act provides for another exception to governmental immunity which is applicable to these defendants sued in their individual capacities:

---

[4]    A local agency is defined in the Act as a "government unit other than the Commonwealth government."  42 PA. CONS. STAT. § 8501.

> [i]n any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

42 PA. CONS. STAT. § 8550.

A municipal employee may thus be held liable where the actions of the state actor constitute a crime, actual fraud, actual malice, or willful misconduct. In the context of police misconduct, the Pennsylvania Supreme Court has held that in order to show willful misconduct, the individual actor must also have committed an intentional tort. Renk v. Pittsburgh, 641 A.2d 289, 293 (Pa. 1994). The Third Circuit interpreted Pennsylvania law to hold that willful misconduct has the same meaning as "intentional tort" in the context of public employee immunity under the Act. See Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir. 2001) (citing Delate v. Kolle, 667 A.2d 1218, 1221 (Pa. 1995)). Police activity falls under this exception when an officer "willfully went beyond the bounds of the law." Renk v. Pittsburgh, 641 A.2d at 291-92. More specifically, it is "misconduct which the perpetrator recognized was misconduct and which was carried out with the intention of achieving exactly that wrongful purpose." Africa v. City of Philadelphia, 938 F. Supp. 1264, 1273 (E.D. Pa 1996); see also Ehly v. City of Philadelphia, No. 03-3634, 2004 U.S. Dist. LEXIS 23493 at *12 (E.D. Pa 2004) (granting

defendants' summary judgment motion with respect to intentional tort claims against defendants not present at the scene of the alleged assault).

As described above, this exception to the rule of governmental immunity is triggered by willful misconduct which for police activity involves an intentional act that "willfully went beyond the bounds of law." Renk v. Pittsburgh, 641 A.2d at 291-92. Mere negligence or deliberate indifference is not sufficient to break through governmental immunity on the grounds of willful misconduct. Owens v. City of Philadelphia, 6 F.Supp.2d 373, 395 (E.D. Pa 1998). Because the actions alleged in Count IV are based in negligence, the exception to governmental immunity is inapplicable to these defendants sued in their individual capacities. Accordingly, I will dismiss it from the complaint.[5] An appropriate Order follows.

---

[5] In support of his argument against the dismissal of Count IV, the plaintiff cites recent caselaw for the proposition that a governmental entity can be held liable for its negligence and the negligence of its employees. However, these cases involve the application of one of the eight exceptions to the Act, and as such are clearly distinguishable from the instant case. See 42 PA. CONS. STAT. § 8542(b). In Repko v. Chichester School District, 904 A.2d 1036 (Pa.Commw. 2006), the plaintiff was injured while retrieving a basketball during gym class at school, when a folding table, previously leaning on its side against the bleachers, fell over and struck her. The Commonwealth Court reversed the trial court's determinations that the real estate exception to the Act applied and that the school district was not entitled to immunity. In Reid v. City of Philadelphia, 904 A.2d 54 (Pa.Commw. 2006), the plaintiff slipped and fell on the icy sidewalk located next to a police district building. The Commonwealth Court affirmed the determinations of the trial court that the condition of the sidewalk triggered the real estate exception to governmental immunity, and that the City could thus be held primarily liable for the plaintiff's injuries. Here, there is no claim that could be construed to invoke any of the exceptions to the Act. Further, the plaintiff cites United States ex rel. Fear v. Rundle, 50 F.2d 331 (3d Cir. 1974), a Third Circuit case which predates the 1980 enactment of the Act. See Hayes v. Erie County Office of Children & Youth, 497 F. Supp. 2d 684, 707 (W.D. Pa. 2007). The cited cases offer the plaintiff no relief.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE HERRING,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-4395 |
| | : | |
| **DELAWARE COUNTY, et al.,** | : | |
| Defendants | : | |

## O R D E R

**STENGEL, J.**

    **AND NOW,** this 18th day of December, 2007, upon careful consideration of the defendants' motion to dismiss (Document #6), and the plaintiff's response thereto, IT IS HEREBY ORDERED that the motion is GRANTED in its entirety.

    IT IS FURTHER ORDERED that:

1.     The Delaware County Criminal Investigation Division and its Drug Task Force are DISMISSED as defendants in this action.

2.     Counts IV and VIII of the complaint are DISMISSED.

                                                                       BY THE COURT:

                                                                       /s/ Lawrence F. Stengel
                                                                       LAWRENCE F. STENGEL, J.