IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE HERRING,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-4395 |
| | : | |
| **DELAWARE COUNTY, et al.,** | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                    **March         , 2009**

This is a counseled civil rights action stemming from an incident which occurred during the arrest of Jermaine Herring in Chester, Delaware County, Pennsylvania. The defendants have filed a motion for summary judgment to which the plaintiff has responded. For the reasons that follow, I will grant the motion in its entirety.

**I. BACKGROUND**

On October 20, 2005, at approximately 7:30 p.m., police officers from the Delaware County Criminal Investigation Division and the Drug Task Force began to execute a valid search warrant at 1302 Honan Street in Chester, Pennsylvania, a vacant property owned by the plaintiff.[1] Compl. ¶¶ 12, 13. Mr. Herring had been performing maintenance at a nearby residence, and went to 1302 Honan Street to pick up parts for a water heater. See Herring Dep. at 83-85, 87-91. When he entered the property, it was

---

[1] The complaint indicates that the property was owned by Mr. Herring. Compl. ¶ 13. At his deposition, however, Mr. Herring testified that his mother was the owner of 1302 Honan Street, and that he was unaware that his name appeared on the property's deed. Herring Dep. at 82.

dark except for the police officer's flashlights. He heard someone say "Police,"[2] and he was grabbed by police officers, placed in handcuffs, and was struck with blunt objects four or five times about the face, head, and body. Id. at 96, 98-99, 101, 103-105. He did not see the officer who was striking him, but testified that there were possibly twenty (20) police officers present. Id. at 106, 107, 109, 112, 113. Mr. Herring insists that he gave the officers no reason to think that he would resist them. Nevertheless, he was arrested and charged with simple and aggravated assault, resisting arrest, and possession with intent to deliver cocaine. Mr. Herring was taken to the hospital and treated for various injuries, including abrasions to the face, a fractured jaw, dislocated teeth, and excruciating face and neck pain. Id. at 116, 117. Prior to trial, the assault and resisting arrest charges were withdrawn by the prosecutor. He was convicted of the drug charges and is currently serving a sentence in state prison.

The plaintiff filed a complaint in this court against Delaware County, its Criminal Investigation Division, its Drug Task Force, Detective John Newell, and "various unarmed members of the Delaware County Drug Task Force,"[3] alleging excessive force (Count I); false arrest (Count II); illegal customs, policies, practices (Count III);

---

[2] This testimony conflicts with an allegation found in the complaint that "prior to the assault of the plaintiff, the defendant police officers failed to announce that they were law enforcement officers and otherwise identify their authority and purpose to the plaintiff." Compl. ¶ 15.

[3] Because these unarmed members of the Drug Task Force have yet to be identified at this stage of the proceedings, I will dismiss them as defendants in this action.

negligence (Count IV); assault (Count V); battery (Count VI); intentional infliction of emotional distress (Count VII); and the denial of equal protection of law (Count VIII). I dismissed the Delaware County Criminal Investigation Division and its Drug Task Force as defendants in this action, and dismissed Counts IV and VIII. See Herring v. Delaware County, et al., 2007 U.S. Dist. LEXIS 92993 (E.D. Pa. December 18, 2007).

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden,

"the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. at 322. Under Rule 56, the court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson v. Liberty Lobby, Inc., 477 U.S. at 255. The court must decide not whether the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. Id. at 252. If the non-moving party has exceeded the mere scintilla of evidence threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

**III. DISCUSSION**

    **A. Counts I, II, V, VI, and VII**

Five of the remaining six counts in this complaint allege charges against the "individual defendants." Detective John Newell, however, is the sole remaining individual defendant. He is being sued in both his individual and official capacities. The

defendants argue that Mr. Herring's claims of Excessive Force (Count I), False Arrest (Count II), Assault (Count V), Battery (Count VI), and the Intentional Infliction of Emotional Distress (Count VII) must be dismissed because Mr. Herring has failed to establish that Defendant Newell was the individual who assaulted him on October 20, 2005. I agree.

All of these claims against Defendant Newell require competent and admissible evidence that he committed the alleged acts against Mr. Herring on the evening in question. For example, in order for Mr. Herring to establish a claim for Excessive Force under the Fourth Amendment, he must establish that Detective Newell used force which was objectively unreasonable. Graham v. Connor, 490 U.S. 386, 388 (1989).

Mr. Herring has produced no competent and admissible evidence that it was Detective Newell who committed any act of force against him. At his deposition, Mr. Herring testified that after he was released from the hospital following the assault, he spoke with Police Officer William Murphy, a Chester City Police Officer who patrols his neighborhood, to inquire about what had happened to him on the night of his arrest. Id. at 123-126. Officer Murphy allegedly placed a call to someone on his "two-way," and informed Mr. Herring that it was Defendant Newell from Newtown Square who had assaulted him, and that the detective was a "hothead." Id. at 129-135.

Mr. Herring also testified that at his preliminary hearing in the criminal case Chester City Police Officer Blair told him that Defendant Newell was the individual who

had arrested Mr. Herring:

> He said that it was Detective Newell. He didn't say he was the one that broke my jaw. He said he was the one that was there that arrested me and was over there where everything happened at. I don't know who the other officer was.

Id. at 144. Mr. Herring also claims that Officer Blair made this statement in front of "some females" but Mr. Herring does not know their names and thus is unable to ask them to testify on his behalf in this case. Id. at 145. Mr. Herring's attorney "tried to get [Officer Blair] to testify that day on the stand at the preliminary hearing, but they said, no, they won't let him testify." Id. at 144. Mr. Herring also said that his attorney did his own investigation at the hearing and found out that it was, in fact, Detective Newell who had assaulted Mr. Herring. Id. at 146. When asked who the attorney's source for that information was, Mr. Herring said, "You have to ask him that." Id.

Mr. Herring's testimony establishes only that he was struck by an unknown individual after he was on the floor and handcuffed. He testified that he does not know who struck him and that there were multiple police officers present during the assault. He attempts to identify Detective Newell as committing an act of physical force upon him based upon hearsay. The purported statements of the two police officers and an attorney cannot be relied upon in opposition to a motion for summary judgment. Rule 56(c) of the Federal Rules of Civil Procedure provides that:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

6

that the movant is entitled to judgment as a matter of law.

Further, Rule 56(e)(2) provides as follows:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Here, Mr. Herring has failed to establish admissible evidence on the record that Detective Newell was the individual who had assaulted him.  He has produced no affidavits from Officer Murphy, Officer Blair, or from Mr. Herring's former attorney stating that they have competent evidence to establish that Detective Newell struck Mr. Herring after he was handcuffed.  Instead, he relies on his own deposition testimony regarding conversations he had with these three individuals.  This evidence cannot be considered because it constitutes inadmissible hearsay.  See Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 95 (3d Cir. 1999) (a hearsay statement that is not capable of being admissible at trial should not be considered on a summary judgment motion).

In Blackburn, the Third Circuit Court of Appeals found that a plaintiff who had no personal knowledge of material information but relied upon statements of others which he offered for the truth of the matter asserted must fall within an exception to the hearsay rule and be admissible in order to be considered in opposition to a summary judgment motion.  Id. at 96.  The court found that the statements did not fall within any of the exceptions and, therefore, the plaintiff's evidence was insufficient to overcome summary

judgment. Id. at 103.

Further, in Coyle v. Kristjan Palusalu Maritime Co., Ltd., 83 F. Supp. 2d 535, 542 (E.D. Pa. 2000), a plaintiff attempted to oppose a summary judgment motion by providing a statement from another individual that a wire upon which he tripped was put up by the crew of a ship. The court found that this statement was inadmissible hearsay and was not competent evidence upon which plaintiff could rely to oppose a motion for summary judgment. Id. at 542.

Mr. Herring would have to establish that the statements of Officers Murphy and Blair, and his former attorney are admissible under one of the exceptions to the hearsay rule. A review of the applicable Federal Rules of Evidence establishes that Mr. Herring cannot bring these statements within any of the exceptions to the hearsay rule. See Fed.R.Evid. 803 and 804. Accordingly, Mr. Herring cannot rely upon these statements alone to establish that Detective Newell used force upon him.[4] As no other evidence has been produced to support that contention, I will enter judgment in favor of Defendant Newell on Mr. Herring's excessive force claim in Count I.

---

[4] I am also not persuaded by Mr. Herring's responsive argument that I should accept these hearsay statements based on his plan to call the declarants as witnesses at trial. It is true that hearsay evidence produced in an affidavit opposing summary judgment may be considered if the out-of-court declarant could later present the evidence through direct testimony, i.e., in a form that "would be admissible at trial." Smith v. Kyler, 295 Fed. Appx. 479, 483 (3d Cir. 2008) (citing Williams v. Borough of West Chester, 891 F.2d 458, 466 n.12 (3d Cir. 1989)). This is not the case here. First, the declarants have not provided sworn affidavits outlining their potential testimony. Only Mr. Herring's deposition testimony accuses Detective Newell. Second, because the declarants themselves have no independent knowledge of who assaulted Mr. Herring, their testimony would still be inadmissible as hearsay.

The same analysis applies to Mr. Herring's state law claims of assault and battery. To establish that Detective Newell committed an assault and battery, Mr. Herring must establish that Detective Newell intentionally, by force, attempted to injure him and actually inflicted the threatened, harmful or offensive contact without justification. Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994). Mr. Herring has produced no competent and admissible evidence to support his allegation that Detective Newell committed an assault and battery upon him. In Botkin v. Metropolitan Life Insurance, 907 A.2d 641 (Pa. Super. 2006), the Pennsylvania Superior Court stated that: "…a motion for summary judgment cannot be supported or defeated by statements that include inadmissible hearsay evidence." Id. (citing Isaacson v. Mobile Propane Corp., 461 A.2d 625 (1983)).

Accordingly, because Mr. Herring cannot establish that Detective Newell committed an assault and battery upon him, I will enter judgment in Detective Newell's favor on Mr. Herring's claims of assault and battery.

Mr. Herring also brings a claim of false arrest pursuant to 42 U.S.C. § 1983 against Detective Newell.[5] This claim alleges that the action of the individual defendants in charging him "with aggravated assault and resisting arrest for allegedly attacking the officers, charges that were withdrawn by the Commonwealth for lack of evidence,

---

[5] In his response to the defendants' motion for summary judgment, Mr. Herring maintains that he has a viable action for malicious prosecution. However, his complaint does not allege a claim for malicious prosecution. Count II is a claim for false arrest, a separate and distinct cause of action. See Compl. ¶¶ 38-41.

constituted arrest without probable cause, in violation of the laws of the Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983." Compl. ¶ 39.  The defendants argue that this count must also be dismissed.

Mr. Herring supports his allegation of false arrest by claiming that the police had charged him with crimes for which probable cause did not exist and which were subsequently withdrawn by the prosecution.  The test for an arrest without probable cause is an objective one, based on the facts available to the officers at the moment of arrest. Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994).  The Third Circuit has held that probable cause need only exist as to any offense that could be charged under the circumstances for an arrest to be valid.  Id.

Here, a review of the affidavit of probable cause for the criminal complaint indicates that Mr. Herring's property had been under surveillance.  See Exh. A (attached to Complaint).  There was a valid search warrant of which Mr. Herring and his brother Jamar were targets.  The affidavit provides:

> During the execution of the warrant, your affiant and other officers located approximately four ounces of cocaine, (field tested positive) some packaged individually for sale, along with a large amount of packaging material in the heater room area of the residence. . . Officers then announced their presence.  Jermain Herring . . . then attempted to fight with officers and violently resisted arrest by punching and kicking officers. . . Jermain Herring . . . [was] finally secured and placed under arrest.

Id.  If the "resisting arrest" allegation of which Mr. Herring complains were excised from

the affidavit, probable cause would still exist for the charge of possession with intent to deliver a controlled substance.  The undisputed facts demonstrate that the officers had a reasonable basis to believe that Mr. Herring had committed a crime at the moment of his arrest, and thus his arrest was valid.  Barna, 42 F.3d at 819.

Furthermore, Mr. Herring cannot attack his criminal conviction by a civil action under 42 U.S.C. § 1983 without establishing that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination or called into question by the issuance of a writ of *habeas corpus*.  Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).  In Heck, the Supreme Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  512 U.S. at 486-487.  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.  Id. at 487.  Here, success in Mr. Herring's claim of false arrest against Defendant Newell would necessarily imply the invalidity of Mr. Herring's conviction and sentence in the state court.  Mr. Herring cannot demonstrate that his state court conviction or his sentence has been invalidated.  Id.  Accordingly, I will enter judgment in favor of Detective Newell on Count II.

Mr. Herring's complaint also includes a state law claim for intentional infliction of

11

emotional distress. Compl. ¶¶ 54-56. In order to establish such a claim, a plaintiff must show that the conduct of the defendant was outrageous and that it caused the plaintiff severe emotional distress. Kazatsky v. King David Memorial Park, 527 A.2d 988, 991 (Pa. 1987) (citing Restatement (Second) of Torts, § 46(1)).[6] The Pennsylvania Supreme Court noted that the burden of proof of a plaintiff claiming intentional infliction of emotional distress requires that an injury be established by expert medical confirmation that the plaintiff actually suffered the claimed distress. Kazatsky, 527 A.2d at 995. The court stated, "we therefore conclude that if § 46 of the Restatement is to be accepted in this Commonwealth, at the very least, existence of the alleged emotional distress must be supported by competent medical evidence." Id.

Mr. Herring has not produced evidence sufficient to establish a claim for the intentional infliction of emotional distress. First, he has failed to prove that Detective Newell was involved in any outrageous conduct on the night of the arrest. Second, Mr. Herring testified that he sought no psychiatric treatment, counseling services, or suffered any mental injury as a result of the alleged assault of October 20, 2005. See Herring Dep. at 151, 152. Accordingly, because Mr. Herring cannot establish a claim for intentional infliction of emotional distress, I will enter judgment in favor of Detective Newell in

---

[6] The Restatement (Second) of Torts, § 46(1) provides: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

Count VII.

**B. The Claim Against the County of Delaware**

Finally, Mr. Herring asserts a claim against the County of Delaware alleging that the Defendant County failed to train and/or discipline its police officers in the use of force. See Compl. ¶ 43. In Monell v. Dep't of Social Servs. of City of N.Y., 436 U.S. 658, 691 (1978), the United States Supreme Court held that municipalities may not be found liable on a theory of *respondeat superior* under 42 U.S.C. § 1983. Municipalities and their officials may only be found liable for a violation of § 1983 when a municipal employee or official deprives the plaintiff of his federally protected rights pursuant to a municipal policy or custom. Id. Thus, in order to recover from Delaware County under § 1983, Mr. Herring must: (1) identify a policy[7] or custom[8] that deprived him of a federally protected right; (2) demonstrate that Delaware County, by its deliberate conduct, acted as the "moving force" behind the alleged deprivation; and (3) establish a direct causal link between the policy or custom and Mr. Herring's injury. Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 404 (1997).

In addition, keeping in mind that Mr. Herring must establish that through

---

[7] A municipal policy, for purposes of section 1983, is a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a government] body's officers." Monell, 436 U.S. at 690. Such a policy "generally implies a course of action consciously chosen from among various alternatives." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985).

[8] A municipal custom, by contrast, is a "persistent and widespread" practice of municipal action that is "so permanent and well-settled as to constitute a custom or usage with the force of law." Monell 436 U.S. at 691.

13

deliberate conduct, Delaware County was the moving force behind his alleged injury, it is important to note that "proof of a single incident by lower level employees acting under color of law does not suffice to establish either an official policy or custom." Berg v. County of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000); Wakshul v. City of Philadelphia, 998 F. Supp. 585, 591 (E.D. Pa. 1998) (citing Tuttle, 471 U.S. at 823). Accordingly, in order to survive summary judgment, Mr. Herring must establish that policy makers of the County of Delaware were aware of similar unlawful conduct and tolerated same. Bielevicz v. Dubinon, 915 F.2d 845, 851 (3d Cir. 1990).

Here, Mr. Herring has proffered no evidence that the County of Delaware has an unconstitutional policy, practice or custom allowing the use of excessive force or that it is deliberately indifferent to the rights of its citizens in failing to train and/or discipline its police officers who use excessive force. Moreover, he has produced no evidence to establish that any policy maker within the County of Delaware was aware of any pattern or practice of the use of excessive force. Therefore, I will enter judgment in favor of the County of Delaware in Count III.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE HERRING,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-4395 |
| | : | |
| **DELAWARE COUNTY, et al.,** | : | |
| Defendants | : | |

**O R D E R**

**STENGEL, J.**

**AND NOW,** this           day of March, 2009, upon careful consideration of the defendants' motion for summary judgment (Document #16), and the plaintiff's response thereto (Document #18), IT IS HEREBY ORDERED that the motion is GRANTED in its entirety.

The Clerk of Court is directed to mark this case CLOSED for all purposes.

BY THE COURT:


 **/S/ Lawrence F. Stengel**
LAWRENCE F. STENGEL, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE HERRING,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-4395 |
| | : | |
| **DELAWARE COUNTY, et al.,** | : | |
| Defendants | : | |

## O R D E R   OF   J U D G M E N T

**STENGEL, J.**

**AND NOW**, this          day of March, 2009, in accordance with my Order granting the defendants' motion for summary judgment, and in accordance with Federal Rule of Civil Procedure 58, judgment is hereby entered on behalf of the defendants and against the plaintiff.

BY THE COURT:

 /S/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.